IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE WATERS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1446 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                 April 21, 2008

       Upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8), the court makes the following findings and conclusions:

       1.     On August 31, 2004 Denise Waters ("Waters") filed for supplemental security income ("SSI") under title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f alleging an onset date of September 1, 2004. (Tr. 25). Throughout the administrative process, including an administrative hearing held on January 30, 2006 before an ALJ, Waters' claims were denied. (Tr. 5-7; 14-24; 29; 544-584). Pursuant to 42 U.S.C. § 405(g), Waters filed her complaint in this court on April 11, 2007.

       2.     In his March 14, 2006 decision, the ALJ concluded, *inter alia*, that: (1) Waters had severe impairments consisting of asthma, a major depressive disorder with psychotic features, and a panic disorder with agoraphobia; (2) Waters' impairments did not meet or equal a listing; (3) Waters had the residual functional capacity ("RFC") to perform work at all exertional levels but she needed to avoid fumes and noxious odors because of her asthma and, due to her mental impairments, she was moderately limited in her ability to: (a) interact appropriately with the general public; (b) accept instructions and respond appropriately to criticism from supervisors; and (c) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and (4) Waters could perform jobs that existed in significant numbers in the national economy and was not disabled. (Tr. 19 Finding 2; 20 Findings 3 & 4; 23 ¶ 5; 24 Finding 8).[1]

       3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

   4. Waters raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. Upon due consideration of all of the arguments and evidence, I am unable to determine whether the decision of the ALJ is legally sufficient and supported by substantial evidence. Thus, a remand is necessary for clarification.

   A. First, as noted by Waters, the ALJ determined that she had severe mental impairments consisting of a major depressive disorder with psychotic features, and a panic disorder with agoraphobia. (Tr. 19 Finding 2). In determining Waters' RFC, the ALJ also concluded that due to these mental impairments, Waters was moderately limited in her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 20 Finding 4). The ALJ noted that this portion of Waters' RFC was "based on the [December 10, 2004] Mental Residual Functional Capacity ("MRFC") assessment that was completed by the State agency reviewing psychologist, Marc C. Hite, Ed.D." (Tr. 21 ¶¶ 1, 6; 22 ¶ 2). In fact, these three moderate restrictions were taken verbatim from Dr. Hite's MRFC assessment. (Tr. 169-70).

   However, in his Psychiatric Review Technique form ("PRTF"), on which the functional limitations of his MRFC assessment are based, Dr. Hite found only major depressive disorder and alcohol addiction. (Tr. 155-168). Regarding his finding of major depressive disorder, Dr. Hite specifically did not find psychotic features such as hallucinations, delusions or paranoid thinking, which the ALJ did find. (Tr. 19 Finding 2; 20 ¶ 1; 158). Nor did Dr. Hite find a panic disorder with agoraphobia, which was found severe by the ALJ. (Tr. 19 Finding 2; 160). Dr. Hite had reviewed the evidence and diagnoses concerning the psychotic features of the major depressive disorder and the panic disorder, but apparently did not ultimately agree with them. (Tr. 168).

   Although the ALJ found severe mental impairments which would likely produce greater social problems than the impairments found by Dr. Hite, it is curious that the ALJ retained Dr. Hite's MRFC findings without greater comment on why Waters' psychotic features and agoraphobia would not increase, *inter alia*, her social restrictions.[2] Because of the lack of explanation, it appears that the ALJ's decision to use Dr. Hite's findings while, at the same time, determining that Waters' had far more serious social issues, was not supported by substantial evidence. As a result, this case must be remanded in order for the ALJ to either

---

[2] Although the ALJ does go on to provide support for his RFC assessment including that the frequency of Waters' hallucinations was lessening and that she did not often complain of anxiety/panic attacks, this does not explain why he completely accepted Dr. Hite's limitations when Dr. Hite specifically did not find the psychotic features associated with the major depressive disorder or the panic disorder with agoraphobia. (Tr. 21 ¶ 4).

further explain or correct his RFC assessment.[3]

    B. In his decision, the ALJ also stated that "At the January 30, 2006 hearing, claimant's counsel acknowledge that . . . obesity [is an issue] that [is] not significantly impairing or limiting." (Tr. 19 ¶ 5). As a result, the ALJ found that Waters' obesity was not severe. (Id.). However, the hearing transcript does not support the ALJ's contention. In fact, in response to the ALJ's questions regarding whether Waters was alleging any physical issues, Waters' counsel specifically stated that "There's the weight issue, which is relevant, but [it] probably has physical non-exertional characteristics as well." (Tr. 556-57). As a result, the ALJ's apparent failure to consider Waters' obesity beyond step two does not appear to be supported by substantial evidence. On remand, the ALJ shall, to the extent necessary, fully consider the impact of Waters' morbid obesity on her SSI claim.

    C. Finally, in his decision, the ALJ stated that "because the claimant is being found not disabled based on her ability to perform past relevant work as a housekeeper/cleaner, no discussion of the materiality of any alcoholism is needed."[4] (19 ¶ 4). However, the ALJ did not find that Waters was not disabled at step 4, as is indicated by this statement, but ultimately found that she was not disabled at step 5 of the sequential analysis. The ALJ specifically found that Waters was "unable to perform her past relevant work" but was able to perform jobs such as assembler or inspector.[5] (Tr. 23 Finding 5; 23 ¶ 5). On remand, this error shall be corrected including any additional analysis of Waters' alcoholism, as necessary.

 5. I have reviewed Waters' remaining arguments and do not find them to be meritorious. However, in light of the above, this case must be remanded to the Commissioner in order to correct the apparent oversights detailed in this memorandum.

   An appropriate Order follows.

---

[3] Given the age of Dr. Hite's report and the lack of other functional capacity examinations in the record, on remand, the ALJ shall also consider whether a fresh consultative exam is warranted pursuant to 20 C.F.R. § 416.919a.

[4] The ALJ further noted that Waters testified that she last drank one year prior to the January 30, 2006 hearing.

[5] The ALJ also noted that Waters experience as a housekeeper could not be considered past relevant work because she performed the job for only a short period of time. (Tr. 23 ¶ 2).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE WATERS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1446 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 21st day of April, 2008, upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 5 & 8) and having found after careful and independent consideration of the record that the Commissioner's determination may not have been supported by substantial evidence or the correct legal standards, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

    S/ Lowell A. Reed, Jr.
    LOWELL A. REED, JR., Sr. J.